RANDOLPH v. CITY OF DEARBORN.

1. MUNICIPAL CORPORATIONS—CERTIORARI—CIRCUIT COURT—APPEAL—
SUPREME COURT—SCOPE OF REVIEW.

On certiorari to review action of common council of city holding
plaintiff not entitled to a fireman's pension or retirement on
half pay, the inquiry of the circuit judge was limited to ques-
tions of law as was that of the Supreme Court on appeal from
judgment of affirmance by the circuit judge.

2. SAME—COMMISSION OF SAFETY AND WELFARE—COMMON COUNCIL
—FIREMEN—FINDINGS—TOTAL DISABILITY—PENSIONS.

The reason of total disability, assigned by city commission of
safety and welfare for plaintiff's discharge as fireman, was
not binding on common council on hearing of plaintiff's peti-
tion for fireman's pension or retirement on half pay because
of total disability alleged to have been the result of injuries
sustained in line of duty as a fireman, held upwards of two
and a half years later, where testimony was taken at length
before the common council which refused to receive in
evidence a transcript of the previous proceedings.

3. SAME—FIREMEN—TOTAL DISABILITY—PENSION—FINDING OF CITY
COUNCIL—EVIDENCE—CIRCUIT COURT—SUPREME COURT.

Denial of city fireman's petition to common council for pension
or retirement on half pay for alleged total disability by
reason of illness arising from injuries sustained in line of
duty as a fireman which was found by the circuit court on
review by certiorari not fraudulent, arbitrary, or capricious
would not be disturbed by Supreme Court on record wherein
testimony as to his disability is conflicting since it cannot be
said as a matter of law that such denial was fraudulent,
arbitrary, or capricious.

4. CERTIORARI—SCOPE OF REVIEW.

On certiorari there is review of questions of law only, not
controverted factual issues.

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—VALIDITY OF CITY
   PENSION ORDINANCE—PARTIES.

   Validity of city ordinance provision for pensioning disabled
   firemen and policemen, a question not presented to trial court
   but raised by appellee for first time on appeal, is not con-
   sidered where it appears there are numerous present and
   prospective pensioners who are not represented in instant case
   involving an individual claimant's right to pension or retire-
   ment on half pay.

Appeal from Wayne; Campbell (Allan), J.   Sub-
mitted April 9, 1941.   (Docket No. 40, Calendar No.
40,408.)   Decided June 2, 1941.

Certiorari by Harold Randolph against Anthony
M. Esper and others, individually and as Common
Council of City of Dearborn, Myron L. Stevens,
Clerk of City of Dearborn, and City of Dearborn,
to review denial of fireman's pension or retirement
on half pay.   Judgment for defendants.   Plaintiff
appeals.   Affirmed.

*Orville L. Hubbard,* for plaintiff.

*Richard Hicks,* Assistant Corporation Counsel,
for defendants.

NORTH, J.   Plaintiff has appealed from a decision
of one of the Wayne county circuit judges who on
review by certiorari affirmed the action of the com-
mon council of the city of Dearborn holding that
plaintiff was not entitled to a fireman's pension or
retirement on half pay.   Because we deem them not
controlling, we forego full recital of preliminary
happenings which ultimately led to plaintiff's dis-
missal as a fireman and the subsequent denial of
his petition for a pension, and it will suffice to refer
to them only briefly.

Prior to April, 1929, when plaintiff was appointed a member of the Dearborn fire department, he had sustained an injury to his right hand while serving as a fireman in the former city of Dearborn which was later consolidated with the former city of Fordson and other territory constituting the present city of Dearborn. That injury resulted in a stiffening of the joint of the index finger of plaintiff's right hand. But that condition was known to the Dearborn authorities at the time plaintiff became a member of the fire department of the present city of Dearborn. After becoming a member of that department, plaintiff, as was required of all firemen, contributed two per cent. of his salary towards a pension fund.

It appears from several later slight injuries which plaintiff sustained while serving as a fireman that he was peculiarly susceptible to blood poisoning; and this condition caused him to become nervous, sleepless, and subject to headaches and resulted in more or less nervous exhaustion. In the record his condition is variously described as "anxiety neurosis," "psychoneurosis," et cetera. In 1934, plaintiff, as a result of cutting one of his fingers, was given a 60-day leave of absence during which he went to Florida for his health. In November of that year he requested an additional leave of four months. This was denied and plaintiff given the option of returning to his work or applying for a pension. He asked for a pension or retirement on half pay and stated that his condition was due to injuries received in his line of duty generally, although he stated specifically that his condition was due to the accident to his right hand which he suffered in 1928, when he was a member of the old or former city of Dearborn fire department. The former city of Dearborn was under the workmen's compensation law, and plaintiff in 1928 received

compensation as the result of his injury. After investigation and consideration of plaintiff's first application for a pension, the city authorities became convinced that his condition was due to the injury he received while a member of the former city of Dearborn fire department, and recommended that plaintiff ask for additional compensation under the workmen's compensation law. Seemingly this was not done, and after denial of pension relief plaintiff reported for work January 12, 1935, stating he was able to do his work. But at noontime of the first day after he returned plaintiff was served by the chief of the fire department with a notice of suspension together with written charges and specifications. A trial was had on these specifications and petitioner was dismissed from service for the reason that he was totally disabled to perform his duties as a member of the fire department. This determination was reached April 15, 1935, by the Dearborn commission of safety and welfare upon its hearing and review of plaintiff's dismissal as a fireman. Plaintiff reviewed by certiorari the commission's determination, but the circuit court denied relief and no appeal was taken. Shortly thereafter and in March, 1936, plaintiff petitioned the Dearborn city council for a pension for total disability by reason of illness alleged to have been the result of an injury or injuries sustained in his line of duty as a fireman. After some delay the city heard, considered, and in November, 1937, denied plaintiff's petition. Thereupon plaintiff reviewed the determination of the city council by certiorari in the circuit court of Wayne county. Upon hearing the circuit judge found for defendants. We quote in full the opinion rendered by the circuit judge:

"Plaintiff seeks to review the action of the common council of the city of Dearborn by writ of cer-

tiorari. The city of Dearborn denied the plaintiff recovery under the pension ordinance of the city.

"It seems to the court that the plaintiff had a fair hearing before the council, and that the council decided the question of fact, in that it determined that he was not totally disabled because of an accident or illness resulting from the discharge of his duties, and therefore was not entitled to a pension as claimed. There is no claim that the common council of the city of Dearborn acted fraudulently, arbitrarily, or capriciously. Many cases might be cited to the proposition that the function of a writ of certiorari is not to review questions of fact. It follows from the above that the plaintiff is not entitled to recover. Judgment may be entered herein, accordingly."

On this appeal from the judgment which followed the above-quoted decision, our inquiry is limited, as was that of the circuit judge, to questions of law. We are in accord with the circuit judge's determination that the defendant common council acted in good faith in passing upon appellant's application for a pension. But in effect appellant asserts that he is entitled to a disability pension as a matter of legal right.

The record discloses that by the consolidation proceedings the ordinances of the former city of Fordson (with exceptions not here material) were adopted by the consolidated city of Dearborn. Among such ordinances was one which provided for retirement compensation or a pension for "all firemen or policemen hereafter totally disabled." For the purpose of present decision we may assume, as plaintiff contends, though we do not so adjudicate, that by reason of the provisions of this ordinance and the manner in which it was taken over from the

former city of Fordson, it should be given retroactive effect. Section 3 of the ordinance reads:

"The term, "total disability," is herein defined to mean the inability of a fireman or policeman to perform the duties of his position because of accident sustained in, or illness contracted in or arising from, the discharge of any duty which said fireman or policeman officially owed the fire or police force of the city of Fordson, whether performed while on duty or while on leave."

It is plaintiff's theory that since he was accepted as an able fireman in 1926 by the former city of Dearborn and in 1929 by the present consolidated city of Dearborn and was found by the Dearborn commission of safety and welfare in April, 1935, to be "totally disabled from performing his duties as a member of the Dearborn fire department" because of an injury received in 1928 while plaintiff was a fireman in the former city of Dearborn, therefore plaintiff is entitled to a pension. And in this connection plaintiff asserts that his right is tested solely by his ability "to perform the duties of his position" as a fireman as specified in section 3 of the ordinance above quoted. We quote from appellant's brief:

"It is the theory of the petitioner in these proceedings that as a result of the injuries he sustained in 1928, his physical condition was weakened to such an extent that he was unable to overcome the effects of injuries sustained subsequent to that time, and as a result of those injuries became and now is totally disabled to perform the duties of a fireman. * * * Contrary to the opinion of the court, plaintiff's whole cause was based upon fraudulent, arbitrary and capricious action on the part of the defendant council of the city."

In passing upon appellant's contention, it must be borne in mind that determination of his present petition for a pension was made after hearing by the Dearborn city common council, but the hearing, the review, and affirmation of his discharge as a fireman on the ground of total disability was by the Dearborn commission of public safety and welfare; and while several of the same witnesses appeared in each of these hearings, still the proceedings were entirely separate and independent of each other. In fact the common council refused to receive in evidence on the hearing of appellant's application for a pension the transcript of the proceedings had before the commission of safety and welfare. Further, the hearing on plaintiff's application for a pension was concluded November 10, 1937, which was nearly three years after plaintiff's dismissal from the fire department. The reason of "total disability" assigned by the commission of safety and welfare for plaintiff's dismissal was not in any way binding upon the common council in the present proceedings. In the present matter testimony was taken at length before the common council to enable it to determine whether plaintiff was entitled to a pension by reason of total disability to perform services as a fireman. The record before us covers more than 160 pages of printed transcript of the testimony. There is included the charges or specifications made against plaintiff at the time he was discharged as a fireman; and in addition to reciting total disability plaintiff in substance is therein charged with insubordination and refusal to perform the tasks assigned to him as a fireman. In part the specifications read:

"That due to his claims of illness he has been assigned from time to time to duties which a minor could capably perform, and in places where he was

subjected to no hazards whatsover; * * * but he has consistently and persistently complained that he was unable to do the work, and repeatedly been off duty for long periods of time.

"That during his last absence from duty, namely from November 19, 1934, to the present time, and while he claimed to be totally disabled he made long and arduous travels; on one occasion driving his car from Dearborn to Florida and back to Dearborn again."

And the specifications further note that while plaintiff on December 3, 1934, wrote the commission of safety and welfare that his physical condition did not permit him to continue active work, nonetheless, on January 21, 1935, he reported for duty and stated that he was willing and capable of performing his duties as fireman.

It also appeared on the hearing before the common council that a few months after plaintiff's dismissal from the fire department he was given a physical examination by a physician who testified that he found plaintiff fit "for any kind of work." And the testimony further disclosed that at the time plaintiff's application for a pension was pending (1937), he was employed at the Ford Motor Company where he had been working since 1935 with "average" regularity and earned $8 per day.

On the other hand there was testimony tending to sustain plaintiff's claim of total disability. But on such a record it cannot be said as a matter of law that the denial of a pension to plaintiff by the Dearborn common council was fraudulent, arbitrary or capricious. On certiorari the record made before the common council was before the circuit judge; and as set forth in his opinion hereinbefore quoted he found plaintiff had had a fair hearing before the council, that the council did not act fraudulently, arbitrarily, or capriciously, and the certiorari pro-

ceedings were dismissed. There is nothing in the record before us which would justify disturbing the determination of the circuit judge. Again, it may be noted that on certiorari there is review of questions of law only, not controverted factual issues. *Public Welfare Commission of Detroit* v. *Civil Service Commission of Detroit*, 289 Mich. 101.

Appellee strenuously urges that we herein adjudicate the validity or invalidity of ordinance provision for pensioning disabled firemen and policemen. This we decline to do. That issue was not presented to the trial court but was first raised by appellee on this appeal. And of more importance, it appears from appellees' brief there are numerous present and prospective pensioners who are not represented in the instant litigation. It is obvious that a case can be presented wherein the interests and contentions of all parties affected can be brought more fully before a court adjudication.

The judgment entered in the circuit court dismissing the writ of certiorari is affirmed. Costs to appellees.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, WIEST, and BUTZEL, JJ., concurred. MCALLISTER, J., took no part in this decision.